PIERSON, Appellant, vs. CITIZENS' TELEPHONE AND TELEGRAPH COMPANY, Respondent.

*November 15—December 7, 1909.*

*Master and servant: Negligence: Injury to servant using unsafe appliance by choice.*

Where a telephone company had furnished, for use by its employees, a safe appliance for getting to any desired place on cables between poles, but they deliberately chose to use instead an appliance which was dangerous for that purpose, and an injury to one of them resulted from such use, the company is not liable for such injury.

APPEAL from a judgment of the circuit court for Kenosha county: E, B. BELDEN, Circuit Judge. *Affirmed.*

Action for personal injuries. The plaintiff was a lineman in the employ of the defendant corporation at Kenosha, and was injured while his fellow workmen were drawing him up by rope and pulley to a platform midway between the telegraph poles, where he was to investigate some difficulty in a cable. The pulley was attached to a tightly drawn messenger wire by means of a large steel hook which was "open"—*i. e.* had no lock or device by which it could be closed. The case has been here once upon an appeal from an order granting a

new trial (135 Wis. 73, 115 N. W. 336), and a statement of
the facts will be found there which need not here be repeated.
The action has been tried a second time and a special verdict
rendered, by which the jury found (1) that the defendant
furnished the hook for the use to which it was being put;
(2) that the hook was not a reasonably safe appliance for that
use; (3) that defendant was negligent in so furnishing the
hook; (4) that such negligence was the proximate cause of
plaintiff's injury; (5) that the plaintiff was not guilty of
contributory negligence; (6) that he did not know that the
hook was an open hook; (7) that he ought in the exercise of
ordinary care to have known that it was an open hook;
(8) that his injury was not caused by negligence of his co-
employees; and (9) that his damages were $3,500. Upon
motion the trial court changed the answers to the first, third,
fourth, fifth, and eighth questions so as to reverse the jury's
findings on these questions, and entered judgment for the de-
fendant, from which judgment the plaintiff appeals.

*Calvin Stewart* and *Wallace Ingalls,* for the appellant.

For the respondent there was a brief by *Cavanagh &
Barnes,* and oral argument by *C. D. Barnes.*

WINSLOW, C. J. It is undisputed that as the plaintiff was
being hauled up by his fellow workmen the open hook jumped
from the taut messenger wire by reason of the intermittent
character of the pulling and thus caused the plaintiff's fall.
It is also undisputed that the open hook was a dangerous in-
strumentality to use for the purpose for which it was here
used, by reason of its liability to jump from the messenger
wire when a heavy object like a human being was to be raised.
On the other hand, it was a perfectly safe and proper instru-
ment to be used when a light object, like a kit of tools, was to
be raised. It is also undisputed that there was a perfectly
safe way of getting to any place desired between the poles,
and that way was to ascend the nearest pole and ride out on an

apparatus called a carrier or cable car to the place desired. The testimony shows that the company had one and probably two of these carriers at its storeroom at the time of the accident, and that the plaintiff and his fellow workmen could have taken a carrier for use had they so desired, but that they deliberately chose not to use it, and took instead the open hook and pulley, which they knew to be dangerous. Under these circumstances the trial court was manifestly right in holding that there was no negligence on the part of the defendant, because it had furnished for such purposes a perfectly safe appliance, to wit, the carrier, and was also right in holding that the plaintiff and his co-employees were guilty of negligence in deliberately choosing to use an appliance which was dangerous for the use intended, when the common employer had furnished a safe appliance which they were at liberty to take.

*By the Court.*—Judgment affirmed.